## A. QUINTANILLA V. THE STATE OF TEXAS.

### Decided April 11, 1900.

**1.  Officers—Removal by Quo Warranto—Charge of Court.**

Where the action is to remove a county assessor of taxes from office for incompetency, defined by the statute to mean "gross ignorance of official duties, or gross carelessness in the discharge of them," it is not error for the court to refuse a charge that the negligence must have been willful, as is provided by the statute in connection with "official misconduct" as a ground for removal. Articles 3531, 3533, Revised Statutes construed.

**2.  Same—Evidence—Harmless Error.**

In such action error in admitting in evidence a list of persons residing in the county whose names did not appear on the assessor's tax rolls, without its being shown that any of them were of age or owned property, was harmless, where it was shown without dispute that the assessor had omitted from the tax rolls a greater number of voters in the county than there were persons named on such list.

APPEAL from Webb.  Tried below before Hon. A. L. McLANE.

*E. A. Atlee,* for appellant.

*Thos. W. Dodd,* for appellee.

JAMES, CHIEF JUSTICE.—This is a quo warranto proceeding brought to remove appellant from the office of assessor of taxes for Webb County, upon the grounds (as the case was submitted to the jury) of gross ignorance, and gross carelessness in respect to the duties of his office.

As facts from the record, we state that appellant had held the office for one term, and had been re-elected for the present term, and notwithstanding the time he had been in office, it was an undisputed fact that he was personally incompetent to perform the duties of the office by reason of ignorance of the official duties of the office.  It was also proved that he had not called upon the persons subject to taxation in the county at their places of business or residence for the purpose of taking lists of property, but had merely given a newspaper notice for persons to call at his office and render assessments.  That all persons and property in the county had not been listed for the year between January 1, and June 1, 1899.  Also that twenty-five persons in the county owning property subject to taxation were not listed and assessed until after June 1, 1899, but were listed and assessed after that day and subsequent to the filing of this suit (July 15, 1899), which assessment included the relators.  It was also proved that the voting population of Webb County was from 1700 to 1900, and that the tax rolls for 1899 showed the names of only 1103 persons, including women and agents.

*Conclusions of Law.*—1.  We think there was no error in the court's action upon the demurrers.

2.  Article 3531, Revised Statutes, provides for the removal of officers, including assessors, for incompetency, official misconduct, habitual

drunkenness, or drunkenness not amounting to habitual drunkenness, as described in succeeding articles. Article 3533 defines the term "incompetency," as used, to mean gross ignorance of official duties, or gross carelessness in the discharge of them. The court submitted the case upon the issue whether or not the failure of defendant to perform the statutory duty of calling on persons at their office, place of business or residence, and listing their property, and of requiring the persons to make statement under oath concerning the taxable property owned or held by them in their own name or for others, was due to gross ignorance and carelessness. It is thus seen that the ground for removal entertained by the court was "incompetency," not "official misconduct," as defined, and this was submitted according to the meaning given it by the statute. There was no error in refusing to hold or to charge that the neglect must have been willful, as is provided in connection with the ground of official misconduct. We do not understand the petition as proceeding upon the latter ground.

3. It was shown that a large proportion of the voters in the county did not appear upon the rolls of 1899. These voters were by law subject to poll tax. Therefore the eighth and tenth assignments are not well taken. The eleventh assignment complains of the court admitting a list of a number of persons residing in Webb County whose names do not appear on the tax rolls. It was not shown in connection with the list that any of these persons were of age or owned property and the list ought properly not to have been admitted. But no harm could have resulted from this, for it was shown without dispute that there had been omitted from the rolls a greater number of voters in the county than there were persons on this list.

The judgment is affirmed.

*Affirmed.*